United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD DEAN YANDELL,

        Plaintiff,

vs.

MATTHEW CATE, et al.,

        Defendants.
_____/

No. C 12-4566 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states he was engaged in a hunger strike when he was placed in Administrative Segregation ("Ad. Seg.") for approximately two weeks. Plaintiff only had a jumpsuit, some shirts, two blankets, and the air vents were blowing at full capacity making it cold. When plaintiff left Ad. Seg. he was transferred to a different prison. Before boarding the van for transport plaintiff was given sodium phosphorus pills by a nurse, which he took. On the van, plaintiff became very sick with nausea, dizziness and cramps. A few days later plaintiff was seen by a doctor and his blood levels were normal. Plaintiff was transferred back to Pelican Bay two weeks later, where he filed inmate grievances related to the placement in Ad. Seg., medical treatment and transfer to a different prison. In this action, plaintiff alleges retaliation and violations of due process in his placement in Ad. Seg. and transfer to another prison and a violation of the Eighth Amendment with respect to the pills that made him sick. For the reasons set forth below, the complaint will be dismissed with leave to amend.

2

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. *See id*. at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487. Plaintiff must provide more information how two weeks in Ad. Seg. at Pelican Bay constituted an atypical and significant hardship. Plaintiff must also identify the defendants responsible for his placement in Ad. Seg. Stating that he was placed in Ad. Seg. on orders from the warden of the prison or the director of the entire state prison system, is insufficient as it does not appear those individuals were personally involved.

The transfer of plaintiff from one prison to another does not violate his right to due process. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A non-consensual transfer is not per se violative of either due process or equal protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). "It is well

3

settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002).

To the extent plaintiff alleges the placement in Ad. Seg. and transfer occurred due to retaliation, he must provide more information and simply stating that all defendants were involved in the retaliation is insufficient. Plaintiff must identify the actions of specific defendants. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). It appears from the complaint that plaintiff was placed in Ad. Seg. and transferred because of his position as one of the hunger strike leaders and the disruptions it was causing at the prison. The complaint includes procedures from the prison that inmates who organize hunger strikes are in violation of rules and are subject to discipline and being moved from nonparticipating inmates to maintain order. This appears to be a legitimate correctional goal.

Medical claims like the one presented by plaintiff are actionable under section 1983 only if plaintiff is able to allege facts plausibly asserting that he was the victim of deliberate indifference to a serious medical need, a violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff must provide more information how the nurse who gave him the pill was deliberately indifferent. While plaintiff was sick for the van ride, he states in the complaint he was find a few days later.

Plaintiff is also informed that there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent plaintiff alleges that his

grievances were improperly denied or screened out, this fails to state a claim.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 7, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 7, 2013.

PHYLLIS J. HAMILTON  
United States District Judge

G:\PRO-SE\PJH\CR.12\Yandell4566.dwlta.wpd