**United States District Court**
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5                OAKLAND DIVISION

6

7  RONALD DEAN YANDELL,

8                    Plaintiff,                    No. C 12-4566 PJH (PR)

9     vs.                                          **ORDER OF PARTIAL
                                                   DISMISSAL AND SERVICE**
10  MATTHEW CATE, et al.,

11                   Defendants.
                                        /
12
       Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights

13
   complaint under 42 U.S.C. § 1983.  He has paid the filing fee.  His original complaint was

14
   dismissed with leave to amend and plaintiff has filed an amended complaint.

15
                              **DISCUSSION**

16
   **A.    Standard of Review**

17
       Federal courts must engage in a preliminary screening of cases in which prisoners

18
   seek redress from a governmental entity or officer or employee of a governmental entity.

19
   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20
   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21
   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at

22
   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23
   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24
       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25
   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26
   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27
   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28
   omitted).  Although in order to state a claim a complaint "does not need detailed factual

1 allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2 requires more than labels and conclusions, and a formulaic recitation of the elements of a

3 cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5 (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6 plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7 the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8 framework of a complaint, they must be supported by factual allegations.  When there are

9 well-pleaded factual allegations, a court should assume their veracity and then determine

10 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

11 1937, 1950 (2009).

12 　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was

14 violated, and (2) that the alleged deprivation was committed by a person acting under the

15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.    Legal Claims**

17 　　　Plaintiff states he was engaged in a hunger strike when he was placed in

18 Administrative Segregation ("Ad. Seg.") for approximately two weeks.  Plaintiff only had a

19 jumpsuit, some shirts, two blankets, and the air vents were blowing at full capacity making it

20 very cold.  When plaintiff left Ad. Seg. he was transferred to a different prison.  Before

21 boarding the van for transport plaintiff was given sodium phosphorus pills by a nurse, which

22 he took.  On the van, plaintiff became very sick with nausea, dizziness and cramps.  He

23 vomited and had diarrhea as did the other prisoners who took the pills which are used to

24 empty the colon prior to a colonoscopy.

25 　　　 A few days later plaintiff was seen by a doctor and his blood levels were normal.

26 Plaintiff was transferred back to Pelican Bay two weeks later, where he filed inmate

27 grievances related to the placement in Ad. Seg., medical treatment and transfer to a

28 different prison.  In this action, plaintiff alleges retaliation and violations of due process in

*United States District Court*
For the Northern District of California

2

his placement in Ad. Seg. and transfer to another prison and a violation of the Eighth

Amendment with respect to the pills that made him sick and his placement in a cold cell.

Interests that are procedurally protected by the Due Process Clause may arise from

two sources – the Due Process Clause itself and laws of the states. *See Meachum v.*

*Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally

ones pertaining to liberty. Changes in conditions so severe as to affect the sentence

imposed in an unexpected manner implicate the Due Process Clause itself, whether or not

they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing

Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v.*

*Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A

state may not impose such changes without complying with minimum requirements of

procedural due process. *See id.* at 484.

Deprivations that are authorized by state law and are less severe or more closely

related to the expected terms of confinement may also amount to deprivations of a

procedurally protected liberty interest, provided that (1) state statutes or regulations

narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate

a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*.

at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that

imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a]

sentence," *id.* at 487. Plaintiff was provided an opportunity but has failed to demonstrate

that two weeks in Ad. Seg. at Pelican Bay constituted an atypical and significant hardship.

This claim is dismissed.[1]

The transfer of plaintiff from one prison to another does not violate his right to due

process. Prisoners have no constitutional right to incarceration in a particular institution.

---

[1] It also appears that plaintiff was assessed thirty days loss of credits from this incident, therefore his claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), as there is no indication the loss of credits was reversed or invalidated.

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1    *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215,

2    224 (1976).  A non-consensual transfer is not per se violative of either due process or equal

3    protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).  "It is well

4    settled that the decision where to house inmates is at the core of prison administrators'

5    expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002).

6            To the extent plaintiff alleges the placement in Ad. Seg. and transfer occurred due to

7    retaliation, he has failed to provide sufficient allegations and simply stating that all

8    defendants were involved in the retaliation is insufficient.  "Within the prison context, a

9    viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that

10   a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

11   protected conduct, and that such action (4) chilled the inmate's exercise of his First

12   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

13   goal ." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).  It

14   appears from the complaint that plaintiff was placed in Ad. Seg. and transferred because of

15   his position as one of the hunger strike leaders and the disruptions it was causing at the

16   prison.  The complaint includes procedures from the prison that inmates who organize

17   hunger strikes are in violation of rules and are subject to discipline and being moved from

18   nonparticipating inmates to maintain order.  This appears to be a legitimate correctional

19   goal and regardless, plaintiff has failed to plead sufficient facts that are plausible on their

20   face to state a claim.

21           Plaintiff is also informed that there is no constitutional right to a prison administrative

22   appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003);

23   *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  To the extent plaintiff alleges that his

24   grievances were improperly denied or screened out, this fails to state a claim.

25           Medical claims like the one presented by plaintiff are actionable under section 1983

26   only if plaintiff is able to allege facts plausibly asserting that he was the victim of deliberate

27   indifference to a serious medical need, a violation of the Eighth Amendment's proscription

28   against cruel and unusual punishment.  *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976);

4

**United States District Court**
For the Northern District of California

1  *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX*

2  *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Plaintiff states

3  he suffered from dry-cracked lips, headaches, stress and dizziness from being in the cold

4  cell.  Though it is not clear if this was from a cold cell or his continued hunger strike.  As he

5  was already provided an opportunity to amend this claim and has failed to provide sufficient

6  information to show deliberate indifference to a serious medical need, this claim is

7  dismissed.

8      With respect to the claim that he was given the pills which made him sick on the

9  transport van to another prison, plaintiff has provided enough information and this claim is

10  sufficient to proceed against Nurse Nakamura and Chief Medical Officer Sayre.  However,

11  the court notes that while plaintiff has identified Nurse Nakamura as the defendant who

12  gave him the sodium phosphorous pills, he also states that he may be incorrect as to the

13  identity as the event occurred several months ago and he was unfocussed.  This claim will

14  proceed against both defendants and for Nakamura to indicate if he or she is the

15  appropriate individual.  As plaintiff is not proceeding in forma pauperis, he is responsible for

16  effectuating service on the defendants.

17                                        **CONCLUSION**

18      1.  All defendants are **DISMISSED** with prejudice against except Nurse Nakamura

19  and Chief Medical Officer Sayre.

20      2.  As plaintiff is not proceeding in forma pauperis, he must effectuate service

21  himself.  **The clerk shall issue a summons to plaintiff for Nakamura and Sayre, and**

22  **send plaintiff two copies of the complaint with attachments and three copies of this**

23  **order.  Plaintiff shall serve the summons, a copy of the complaint with attachments**

24  **and a copy of this order on defendants Nurse Nakamura and Chief Medical Officer**

25  **Sayre, within sixty days.**

26      3.  In order to expedite the resolution of this case, the court orders as follows:

27          a.  No later than sixty days from the date of service, defendants shall file a

28  motion for summary judgment or other dispositive motion.  The motion shall be supported

United States District Court

For the Northern District of California

1   by adequate factual documentation and shall conform in all respects to Federal Rule of

2   Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

3   from the events at issue.  If defendants are of the opinion that this case cannot be resolved

4   by summary judgment, they shall so inform the court prior to the date their summary

5   judgment motion is due.  All papers filed with the court shall be promptly served on the

6   plaintiff.

7             b.  At the time the dispositive motion is served, defendants shall also serve,

8   on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

9   F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.

10  4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

11  *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

12  for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

13            c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

14  court and served upon defendants no later than thirty days from the date the motion was

15  served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

16  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

17  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

18       If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

19  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

20  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

21  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

22  Cir. 2003).

23            d.  If defendants wish to file a reply brief, they shall do so no later than fifteen

24  days after the opposition is served upon them.

25            e.  The motion shall be deemed submitted as of the date the reply brief is

26  due.  No hearing will be held on the motion unless the court so orders at a later date.

27       4.  All communications by plaintiff with the court must be served on defendants, or

28  defendants' counsel once counsel has been designated, by mailing a true copy of the

1  document to defendants or defendants' counsel.

2       5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

3  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

4  parties may conduct discovery.

5       6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

6  informed of any change of address by filing a separate paper with the clerk headed "Notice

7  of Change of Address."  He also must comply with the court's orders in a timely fashion.

8  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

9  Federal Rule of Civil Procedure 41(b).

10      **IT IS SO ORDERED.**

11  Dated:  July 16, 2013.

PHYLLIS J. HAMILTON
United States District Judge

13  G:\PRO-SE\PJH\CR.12\Yandell4566.srv.wpd

**United States District Court**
For the Northern District of California

7

United States District Court

For the Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2    If defendants move for summary judgment, they are seeking to have your case

3  dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4  Procedure will, if granted, end your case.

5    Rule 56 tells you what you must do in order to oppose a motion for summary

6  judgment. Generally, summary judgment must be granted when there is no genuine issue

7  of material fact--that is, if there is no real dispute about any fact that would affect the result

8  of your case, the party who asked for summary judgment is entitled to judgment as a matter

9  of law, which will end your case. When a party you are suing makes a motion for summary

10 judgment that is properly supported by declarations (or other sworn testimony), you cannot

11 simply rely on what your complaint says. Instead, you must set out specific facts in

12 declarations, depositions, answers to interrogatories, or authenticated documents, as

13 provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

14 documents and show that there is a genuine issue of material fact for trial. If you do not

15 submit your own evidence in opposition, summary judgment, if appropriate, may be entered

16 against you. If summary judgment is granted, your case will be dismissed and there will be

17 no trial.

18

19

**NOTICE -- WARNING (EXHAUSTION)**

20    If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

21 seeking to have your case dismissed.  If the motion is granted it will end your case.

22    You have the right to present any evidence you may have which tends to show that

23 you did exhaust your administrative remedies.  Such evidence may be in the form of

24 declarations (statements signed under penalty of perjury) or authenticated documents, that

25 is, documents accompanied by a declaration showing where they came from and why they

26 are authentic, or other sworn papers, such as answers to interrogatories or depositions.

27    If defendants file a motion to dismiss and it is granted, your case will be dismissed

28 and there will be no trial.