UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD DEAN YANDELL,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.

No. C 12-4566 PJH (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee. His original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states he was engaged in a hunger strike when he was placed in Administrative Segregation ("Ad. Seg.") for approximately two weeks.  Plaintiff only had a jumpsuit, some shirts, two blankets, and the air vents were blowing at full capacity making it very cold.  When plaintiff left Ad. Seg. he was transferred to a different prison.  Before boarding the van for transport plaintiff was given sodium phosphorus pills by a nurse, which he took.  On the van, plaintiff became very sick with nausea, dizziness and cramps.  He vomited and had diarrhea as did the other prisoners who took the pills which are used to empty the colon prior to a colonoscopy.

 A few days later plaintiff was seen by a doctor and his blood levels were normal. Plaintiff was transferred back to Pelican Bay two weeks later, where he filed inmate grievances related to the placement in Ad. Seg., medical treatment and transfer to a different prison.  In this action, plaintiff alleges retaliation and violations of due process in

his placement in Ad. Seg. and transfer to another prison and a violation of the Eighth Amendment with respect to the pills that made him sick and his placement in a cold cell.

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. *See id*. at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487. Plaintiff was provided an opportunity but has failed to demonstrate that two weeks in Ad. Seg. at Pelican Bay constituted an atypical and significant hardship. This claim is dismissed.[1]

The transfer of plaintiff from one prison to another does not violate his right to due process. Prisoners have no constitutional right to incarceration in a particular institution.

---

[1] It also appears that plaintiff was assessed thirty days loss of credits from this incident, therefore his claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), as there is no indication the loss of credits was reversed or invalidated.

3

*See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A non-consensual transfer is not per se violative of either due process or equal protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002).

To the extent plaintiff alleges the placement in Ad. Seg. and transfer occurred due to retaliation, he has failed to provide sufficient allegations and simply stating that all defendants were involved in the retaliation is insufficient. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). It appears from the complaint that plaintiff was placed in Ad. Seg. and transferred because of his position as one of the hunger strike leaders and the disruptions it was causing at the prison. The complaint includes procedures from the prison that inmates who organize hunger strikes are in violation of rules and are subject to discipline and being moved from nonparticipating inmates to maintain order. This appears to be a legitimate correctional goal and regardless, plaintiff has failed to plead sufficient facts that are plausible on their face to state a claim.

Plaintiff is also informed that there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent plaintiff alleges that his grievances were improperly denied or screened out, this fails to state a claim.

Medical claims like the one presented by plaintiff are actionable under section 1983 only if plaintiff is able to allege facts plausibly asserting that he was the victim of deliberate indifference to a serious medical need, a violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976);

*McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Plaintiff states he suffered from dry-cracked lips, headaches, stress and dizziness from being in the cold cell.  Though it is not clear if this was from a cold cell or his continued hunger strike.  As he was already provided an opportunity to amend this claim and has failed to provide sufficient information to show deliberate indifference to a serious medical need, this claim is dismissed.

With respect to the claim that he was given the pills which made him sick on the transport van to another prison, plaintiff has provided enough information and this claim is sufficient to proceed against Nurse Nakamura and Chief Medical Officer Sayre.  However, the court notes that while plaintiff has identified Nurse Nakamura as the defendant who gave him the sodium phosphorous pills, he also states that he may be incorrect as to the identity as the event occurred several months ago and he was unfocussed.  This claim will proceed against both defendants and for Nakamura to indicate if he or she is the appropriate individual.  As plaintiff is not proceeding in forma pauperis, he is responsible for effectuating service on the defendants.

**CONCLUSION**

1. All defendants are **DISMISSED** with prejudice against except Nurse Nakamura and Chief Medical Officer Sayre.

2. As plaintiff is not proceeding in forma pauperis, he must effectuate service himself.  **The clerk shall issue a summons to plaintiff for Nakamura and Sayre, and send plaintiff two copies of the complaint with attachments and three copies of this order.  Plaintiff shall serve the summons, a copy of the complaint with attachments and a copy of this order on defendants Nurse Nakamura and Chief Medical Officer Sayre, within sixty days.**

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported

by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   d. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

   4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the

1  document to defendants or defendants' counsel.

2  　　　5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
3  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
4  parties may conduct discovery.

5  　　　6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
6  informed of any change of address by filing a separate paper with the clerk headed "Notice
7  of Change of Address."  He also must comply with the court's orders in a timely fashion.
8  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
9  Federal Rule of Civil Procedure 41(b).

10  **IT IS SO ORDERED.**

11  Dated:  July 16, 2013.

　　　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　　　United States District Judge

13  G:\PRO-SE\PJH\CR.12\Yandell4566.srv.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.