UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SAYRE, et al.,<br><br>Defendants. | Case No. 12-cv-04566-JD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 26 |

Plaintiff, a state prisoner proceeding pro se, proceeds with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment citing failure to exhaust administrative remedies. Plaintiff filed an opposition and defendants filed a reply. The motion is granted.

I. **BACKGROUND**

Plaintiff began a hunger strike on September 26, 2011. Sixteen days later, on October 12, 2011, plaintiff alleges that he was improperly prescribed and administered sodium/phosphorous pills by defendants Dr. Sayre and Nurse Nakamura just before he boarded a bus and was transferred to Corcoran State Prison. Plaintiff alleges that the pills made him extremely sick during the bus ride and caused him to suffer from nausea, dizziness, cramps, vomiting, and diarrhea. Plaintiff argues that by prescribing the pills, defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

II. **LEGAL STANDARD**

A. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id*.

An unenumerated 12(b) motion is no longer the proper procedural device to challenge a failure to exhaust administrative remedies.  *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), *overruling Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The *Albino* court determined a failure to exhaust must be challenged by a motion for summary judgment.  *Id*.  However, the court noted the shift to be "more a matter of . . . nomenclature than of practical operation."  *Albino*, 747 F.3d at 1166.

**B.     Administrative Exhaustion**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Id*. at 85.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  *Id*. at 93.  This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id*. at 83-84.  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the

term means in administrative law, where exhaustion means proper exhaustion." *Id*. at 93. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id*. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *See id*. at 87; *see also Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require).

The California Department of Corrections and Rehabilitation ("CDCR") provides that inmates and parolees "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). "Three levels of formal review are provided, and a prisoner exhausts the grievance process when he completes the third level." *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

## III.   ANALYSIS

Defendants contend that plaintiff did not complete the grievance process regarding his October 12, 2011 claim against Dr. Sayre and Nurse Nakamura for administering the pills. Defendants state that plaintiff has properly exhausted only three medical appeals and none concern the subject matter of this action. Motion for Summary Judgment ("MSJ"), Decl. Maiorino Ex. A, B, C. Plaintiff does not dispute that the three medical appeals cited by defendants do not relate to the subject matter of this action. Rather, plaintiff asserts that he filed another grievance, 12-00320, that concerned his becoming sick due to defendants' actions but prison officials obstructed his efforts to fully and properly exhaust the grievance. Opposition to Summary Judgment ("Opposition") at 2-5, 7, 19.

Defendants counter that plaintiff failed to comply with the administrative rules and guidelines in filing this grievance and that therefore it was not properly exhausted. *See Woodford*, at 90. Plaintiff submitted grievance 12-00320 without the correct documents, so it was returned to him on November 9, 2011, with instructions on how to properly submit an appeal. Opposition at 31. Regulations allow an additional thirty days to resubmit an appeal. Cal. Code Regs. tit. 15, § 3084.3(c). Plaintiff failed to follow the instructions and instead resubmitted the same appeal 83 days later without an explanation. It was thus cancelled for being untimely. Opposition at 15.

Defendants correctly argue that because plaintiff failed to follow instructions by timely submitting a proper appeal, it was correctly screened out and therefore he cannot argue that prison officials obstructed his efforts or denied him access to the appeals process. *See Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (concluding that administrative remedies are available where appeals were screened out for proper reasons).

Assuming that prison officials improperly screened out grievance 12-00320, a review of the substance of the grievance demonstrates that it did not sufficiently describe the subject matter of this action to exhaust the claim. The grievance stated:

> I was removed from my S.H.U. cell 203 2 block Sept. 29th and placed in Ad-Seg as punitive punishment in a freezing cell for my peaceful participation in hunger strike. I was told by Warden Lewis, Associate Warden Cook, and Captain Wood I would be allowed to return to my cell in 2-block, and given my property back as soon as I started eating. No other SHU prisoners had to endure these torturous conditions except those deemed strike leaders by Administration brass. I was never given a 114(d) Lock-Up order per Title 15 Section 3336 violating my U.S. Constitutional rights to due process and right to be free from cruel and unusual punishment. On 10-12-11 I was further punished and tortured by having to endure a 15 hour bus ride to Corcoran and placed in Ad-Seg there. See: Corcoran 114(d) lock-up order. I was so sick the transport bus had to make an emergency stop at Tracy Prison. This was all one on-going attack for my participation in hunger strike. Retaliation violating my state rights, and U.S. Constitutional rights under the 1st, 8th, and 14th Amendments.

Opposition at 19.

In *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id*. at 1120. In *Griffin*, the plaintiff failed to mention in his grievance that the remedy to his problem, which had been ordered by a prison nurse had been ignored by the prison staff. *Id*. at 1118-19. As a result, the prison officials who were aware of the nurse's order reasonably believed that the order had solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies

4

because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." *Id*. at 1121.

Similar to *Griffin*, plaintiff failed in his appeal to properly alert prison officials to the nature of his grievance. The grievance provided a list of complaints and only briefly mentioned being sick on the bus ride. It would be difficult for prison officials to determine from this grievance that plaintiff was alleging medical staff was responsible for his sickness by giving him the sodium/phosphorous pills. The focus of the grievance was his hunger strike and retaliation by the prison wardens who placed him in Administrative Segregation and then transferred him. Simply stating he was sick on a fifteen-hour bus ride is insufficient to exhaust a claim that he was given pills by medical staff that caused the sickness.

Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault). Plaintiff's grievance regarding retaliation by prison wardens for a hunger strike did not contain enough information to exhaust a claim regarding deliberate indifference of medical staff to his medical needs. Because the Court has not found any material facts in dispute with respect to exhaustion, summary judgment is granted for defendants.

## IV.   CONCLUSION

1. The motion for summary judgment (Docket No. 26) is **GRANTED**.
2. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  11/20/14

_____
JAMES DONATO
United States District Judge

5

1
2
3
4      UNITED STATES DISTRICT COURT
5      NORTHERN DISTRICT OF CALIFORNIA
6

| RONALD DEAN YANDELL, | Case No. 12-cv-04566-JD |
|---|---|
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| MICHAEL SAYRE, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/20/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Dean Yandell ID: V27927
P.O. Box 7500
Crescent City, CA 95532


Dated: 11/20/2014


                                        Richard W. Wieking
                                        Clerk, United States District Court


                                        B *[signature]* _____
                                        LISA R. CLARK, Deputy Clerk to the
                                        Honorable JAMES DONATO